STATE OF NORTH CAROLINA, EX REL. UTILITIES COMMISSION v. UNITED TELEPHONE COMPANY OF THE CAROLINAS, INC., AND ATTORNEY GENERAL

No. 7210UC492

(Filed 23 August 1972)

**Telephone and Telegraph Companies § 1; Utilities Commission § 6— extended area calling service — order — absence of notice to parties or customers**

The Utilities Commission erred in requiring a telephone company to install extended area calling service for its Goldston and Bonlee exchanges to its Siler City exchange and to file tariffs making the Siler City rates applicable to the Goldston and Bonlee exchange customers where no party to the proceeding and no customer to be affected by the change had any notice that such a change in service was being considered.

APPEAL by United Telephone Company of the Carolinas, Inc., and Attorney General from order of the North Carolina Utilities Commission in Docket No. P-9, Sub 113 dated 10 December 1971.

On 27 January 1971, United Telephone Company of the Carolinas, Inc. (United) filed application with the North Carolina Utilities Commission (Commission) for adjustment of certain local rates and charges for telephone service rendered by it within the State of North Carolina. On 16 February 1971 the Attorney General, pursuant to G.S. 62-20, filed notice of intervention on behalf of the using and consuming public and was made a party of record. The Commission entered an order

Utilities Comm. v. Telephone Co.

declaring the proceeding to be a general rate-making case and suspended the effective date of the proposed rates until further order of the Commission.

After conducting a series of hearings, the Commission issued an order determining, among other things, that the increases proposed by United were unjust and unreasonable, but finding that existing rates were insufficient to produce a fair return. The Commission ordered rate increases which amounted to 74.48% of the total rate increase filed. The Commission found that United's overall service was good but directed specific improvements in particular areas, as set out in Appendix "C" of the Commission's order. United did not except to or appeal from the foregoing portions of the order. The Attorney General did except to and appeal from the foregoing portions of the order.

The Commission ordered United to install extended area calling service for its Goldston and Bonlee exchanges to its Siler City exchange and to file tariffs with the Commission making the Siler City rates applicable to the Goldston and Bonlee exchange customers. United excepted and appealed from the entry of this part of the order.

*Joyner & Howison by Robert C. Howison, Jr., for applicant appellant United Telephone of the Carolinas, Inc.*

*Robert Morgan, Attorney General by Assistant Attorney General I. Beverly Lake, Jr., for the Using and Consuming Public appellant.*

*Edward B. Hipp and William E. Anderson, attorneys for the North Carolina Utilities Commission appellee.*

*Joyner & Howison by Robert C. Howison, Jr., for appellee United Telephone of the Carolinas, Inc.*

VAUGHN, Judge.

We have carefully reviewed the record on appeal as well as the well-reasoned briefs of the parties. In this particular case, however, we do not feel that any useful purpose would be served by lengthy recital of the findings of the Commission and an analysis of the arguments in support of or in opposition to such findings and conclusions.

With the exception of that portion of the order requiring the installation of extended area calling service for the Goldston and Bonlee exchanges to the Siler City exchange and the filing of new tariffs upon completion of such installation, no error in law appears and the order of the Commission is affirmed.

Although it is clearly within the power of the Commission upon proper notice, and upon findings supporting such action, to require changes in the classes of service, such as extended area calling service, the record in this case does not support such an order. At no time prior to the entry of the order of the Commission does it appear that any party to the proceeding or any customer to be affected by the change had any notice that the Commission was considering requiring such a change in service. That portion of the order requiring extended area service between the Goldston, Bonlee and Siler City exchanges is reversed.

Reversed in part, affirmed in part.

Judges PARKER and GRAHAM concur.